**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Stephen and Kathleen Haszto, | Case No. 12-34235 |
| Debtors. | Hon. Carol A. Doyle |
| | Hearing Date:  December 11, 2013<br>Hearing Time: 10:00 a.m. |

**NOTICE OF SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF
WILLIAM J. FACTOR, LTD., SPECIAL COUNSEL TO THE DEBTORS
AND HEARING THEREON**

   **PLEASE TAKE NOTICE** that on November 14, 2013, The Law Office of William J. Factor, Ltd. (the "*Applicant*") filed its *Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., as Special Counsel to the Debtors* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, Applicant seeks a final award of compensation in the amount of $18,800 and reimbursement of expenses in the amount of $14.26, for the period of May 1, 2013 through November 14, 2013, as well as final approval of previously approved interim fees and expenses, in the amounts of $16,115 and $1,046, respectively. The Application is being served contemporaneously with this Notice upon each person receiving notices in the above-captioned case pursuant to the Bankruptcy Court's CM/ECF system. All other entities may obtain copies of the Application upon request to:  Mr. David P. Holtkamp, The Law Office of William J. Factor, Ltd., 105 W. Madison Street, Suite 1500, Chicago, Illinois 60602; dholtkamp@wfactorlaw.com.

   **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Carol A. Doyle, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Courtroom 742, located at 219 South Dearborn Street, Chicago, Illinois 60604, on December 11, 2013, at 10:00 A.M. prevailing Central Time, or as soon thereafter as the undersigned counsel may be heard.

| | |
|---|---|
| November 14, 2013 | **THE LAW OFFICE OF<br> WILLIAM J. FACTOR, LTD.**<br><br>By: /s/ David P. Holtkamp |

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**THE LAW OFFICE OF**
**WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Ste. 1500
Chicago, IL 60602
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
      slorber@wfactorlaw.com
      dholtkamp@wfactorlaw.com

# CERTIFICATE OF SERVICE

I, David P. Holtkamp, an attorney, hereby certify that on November 14, 2013, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused:

1. Copies of the *Notice of Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., Special Counsel to the Debtors and Hearing Thereon* and the *Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., Special Counsel to the Debtors* to be served upon the parties identified on the attached ECF Service List through the Court's Electronic Notice for Registrants; and

2. Copies of the *Notice of Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., Special Counsel to the Debtors and Hearing Thereon* upon the parties identified on the attached General Service List by U.S. Mail.

/s/ David. P. Holtkamp

**ECF SERVIC LIST FOR REGISTRANTS**

| | |
|---|---|
| Joseph A Baldi | jabaldi@baldiberg.com, jabaldi@ameritech.net, jmanola@baldiberg.com |
| Elizabeth C Berg | bergtrustee@baldiberg.com, eberg@ecf.epiqsystems.com |
| Ronald A Damashek | rdamashek@stahlcowen.com |
| William J Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com; nb@wfactorlaw.com |
| Joel P Fonferko | ND-One@il.cslegal.com |
| Casey B Hicks | cbhicks@lnlaw.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, nb@wfactorlaw.com |
| Ean L Kryska | ekryska@salawus.com, jadams@salawus.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Terri M Long | Courts@tmlong.com |
| Julia D Loper | jloper@baldiberg.com |
| John R Mack | macklaw@comcast.net |
| Erica Crohn Minchella | erica.minchella@gmail.com |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, nb@wfactorlaw.com; jpaulsenwfactorlawecf@gmail.com |
| Donna B Wallace | dbwallace@ameritech.net |

**GENERAL SERVICE LIST**

**Bank of America, N.A.**
450 American St
Simi Valley, CA 93065

**Bank of America, N.A.**
c/o Prober & Raphael, A Law Corporation
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364

**Cap1/bstby**
Po Box 5253
Carol Stream, IL 60197

**Capital One Visa**
P.O. Box 71083
Charlotte, NC 28272-1083

**Capital One, N.a.**
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130

**Chase**
Po Box 24696
Columbus, OH 43224

**Chuhak & Tecson, P.C.**
attn: Lindsey Markus
30 S. Wacker Dr.
Ste. 2600
Chicago, IL 60606

**City of Chicago**
Corporation Counsel
30 N. LaSalle
7th Floor
Chicago, IL 60602

**Countryside/Bank of America**
100 North Tryon Street
Charlotte, NC 28255

**Gecrb/tydc**
Po Box 965005
Orlando, FL 32896

**Glen Cove Enterprises Ltd. P'ship**
1400 Peoples Plaza, Suite 104
Unit 165
Newark, DE 19702

**Glenn Udell**
1332 North Halsted St.
Suite 100
Chicago, IL 60642

**HSBC Retail Services**
P.O. Box 17298
Baltimore, MD 21297-1298

**Inland Bank & Trust**
successor-in-interest First Choice Bank
c/o Ean L. Kryska, SmithAmundsen LLC
150 N. Michigan Ave., #3300
Chicago, IL 60601

**Jack & Janet Swensen**
140 Weatherstone Road
Barrington, IL 60610

**Jack C. and Janet M. Swenson**
140 Weatherstone Rd.
Barrington, IL 60010

**Jack C. and Janet M. Swenson**
140 Weatherstone Rd.
Barrington, IL. 60010
email: jackswe@attglobal.net
Tel: 224-238-0045

**Josephine Kamper**
4935 South Greenwood
Chicago, IL 60615

**Ean L. Kryska**
SmithAdmundsen LLC
150 N. Michigan, Suite 3300
Chicago, IL 60601

**First Choice/ Inland**
1900 W. State Street
Geneva, IL 60134

**First Choice/Inland**
1900 W. State St.
Geneva, IL 60134

**FirstMerit Bank, N.A.**
Ronald A. Damashek
Stahl Cowen Crowley Addis LLC
55 W. Monroe, Ste. 1200
Chicago, IL 60603

**Gecrb/lord & Tay**
Po Box 981400
El Paso, TX 79998

**The Bank of New York Mellon**
BANK OF AMERICA, N.A.
Bankruptcy Department
Mail Stop CA6-919-01-23
400 National Way, Simi Valley, CA 93065

**Ronald A. Damashek**
Stahl Cowen Crowley Addis LLC
55 W. Monroe, Suite 1200
Chicago, IL 60603

**JPMorgan Chase Bank, National Association**
Chase Records Center, attn: Corr. Mail
700 Kansas Ln.
Mail Code LA4-555
Monroe, LA 71203

**Lord & Taylor**
Oak Brook Shopping Center
Oak Brook, IL 60523

**Mastercard**
R)USMastercard/GECRB
P.O. Box 530939
Atlanta, GA 30353-0939

**Midwest Bank/First Merit**
500 West Chestnut Street
Hinsdale, IL 60521

**Pamela Edwards Cohen-Norwood**
316 East 69th Place
Chicago, IL 60637

**Robert Raggs, Jr.**
1036 North Karlov
Chicago, IL 60651

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Stephen and Kathleen Haszto, | Case No. 12-34235 |
| Debtors. | Hon. Carol A. Doyle |
| | Hearing Date: December 11, 2013<br>Hearing Time: 10:00 a.m. |

**SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF
<u>WILLIAM J. FACTOR, LTD., SPECIAL COUNSEL TO THE DEBTORS</u>**

By this Application, The Law Office of William J. Factor, Ltd. (the "*Applicant*") seeks an order of this Court: (a) allowing and awarding Applicant on a final basis fees in the amount of $18,800 for professional services rendered by Applicant as special counsel on behalf of Stephen and Kathleen Haszto (the "*Debtors*"), and reimbursement of actual and necessary expenses in the amount of $14.26 incurred on behalf of the Debtors during the period of May 1, 2013 through November 14, 2013 (the "*Second Application Period*"); and (b) awarding on a final basis the compensation and expenses allowed to Applicant on an interim basis pursuant to Order of the Court dated May 29, 2013.

Applicant makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## BACKGROUND

**I. CASE BACKGROUND**

4. On August 29, 2012 (the "*Commencement Date*"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Applicant filed the petition on behalf of the Debtors, but the following day attorneys from the Baldi Berg & Wallace, Ltd. firm filed additional appearances on behalf of the Debtors and eventually were retained as the Debtors' lead bankruptcy counsel. *See* Dkt. Nos. 1, 9-10 and 29.

6. On November 15, 2012, the Debtors filed an application to retain the Applicant as its special counsel for the primary purposes of: (a) assisting the Debtors in recovering account receivables relating to their real estate investments, (b) working with the Debtors to determine the plan's treatment and characterization of the Debtors' related entities; and (c) investigating and determining whether the Debtors have causes of action against third-parties related to the Debtors' real estate investments, and, if they do, to pursue such causes of action. *See* Dkt. No. 38.

7. On December 13, 2012, the Court entered an Order approving the Debtors' retention of Applicant as their special counsel effective as of the Commencement Date. *See* Dkt. No. 51. Pursuant to this Order and subject to approval by the Court, Applicant is entitled to be compensated on an hourly basis, in accordance with its professionals' ordinary and customary hourly rates for work of this nature, and for necessary expenses incurred on behalf of the Debtors.

## II. FIRST INTERIM FEE ORDER

8. On May 7, 2013, Applicant filed a first interim application for compensation and reimbursement of expenses. *See* Dkt. No. 88.

9. On May 29, 2013, the Court entered an order allowing Applicant on an interim basis compensation in the amount of $16,115.00 and reimbursement of expenses in the amount of $1,046.00 for the period of August 29, 2012 through April 30, 2013 (collectively, the "*Interim Compensation*") and authorizing the Debtors to pay the Interim Compensation. *See* Dkt. No. 102.

10. Applicant has not received any payments on account of the Interim Compensation.

## III. SUMMARY OF SERVICES RENDERED BY APPLICANT DURING THE SECOND APPLICATION PERIOD

### A. OVERVIEW

11. This is Applicant's second and final application for compensation and reimbursement of expenses filed in the Case.

12. The fees for the services (the "*Services*") provided by Applicant during the Second Application Period are broken down by professional, as follows:

3

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor (WJF) | Partner | $350 | 16.4 | $5,740 |
| Sara E. Lorber (SEL) | Partner | $300 | 14.4 | $4,320 |
| Jeffrey K. Paulsen (JKP) | Associate | $250 | 2.3 | $575 |
| David P. Holtkamp (DPH | Associate | $250 | 1.3 | $325 |
| Ariane Holtschlag (AH) | Associate | $250 | 28.4 | $7,100 |
| Samuel Rodgers (SR) | Paralegal | $100 | 6.8 | $680 |
| Tom Griesta (TG) | Paralegal | $100 | .6 | $60 |
|  |  | **TOTALS:** | **70.2** | **$18,800** |

13.   Applicant also incurred $14.26 in out of pocket expenses on behalf of the Debtors in connection with the Case, which amount represents postage in connection with Applicant's first interim application for compensation (the "*Expenses*").

14.   Applicant respectfully submits that the Services rendered to the Debtors and the Expenses incurred on behalf of the Debtors have, in all respects, been reasonable, necessary, and beneficial to the Debtors, as further discussed herein.

B.    **Breakdown of Fees by Category of Services Rendered**

15.   Applicant maintains contemporaneous written records of the time expended by its professionals. Such records for the Second Application Period, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by Applicant on behalf of the Debtors; (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services in one-tenth of one hour increments; and (d) the identities of the

4

professionals who performed the Services.

16. For the Court's reference, Applicant has categorized the Services it provided to the Debtors into the following categories: (a) Chapter 11 General Administration; (b) Swenson Litigation; (c) Kamper Claim Objection and Litigation; (d) Raggs Adversary Proceeding; and (e) Professionals.

*Chapter 11 General Administration (Exhibit A-1)*

17. During the Second Application Period, Applicant expended 3.3 hours with a value of $905 on matters relating to Chapter 11 General Administration, which consisted primarily of (a) consulting with the Debtors regarding litigation strategy in the bankruptcy case and (b) attending hearings pertaining to multiple matters in which Applicant was involved including claim objections and the Raggs adversary proceeding.

18. A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | .8 | $280 |
| Jeffrey K. Paulsen | Associate | $250 | 1.2 | $300 |
| David P. Holtkamp | Associate | $250 | 1.3 | $325 |
| | | **TOTALS:** | **3.30** | **$905** |

*Swenson Litigation (Exhibit A-2)*

19. During the Second Application Period, Applicant expended 50.3 hours with a value of $13,705 on matters relating to litigation filed pre-petition involving Jack C. Swenson and Janet M. Swenson, and communicating with the Debtors and their lead bankruptcy counsel

5

regarding the same.

20.    In the Bankruptcy Case, Applicant filed an objection to the claim asserted by the Swensons on various grounds. The Court then abstained in favor of the Cook County Circuit Court from hearing that objection. The litigation against the Debtors remains pending in Cook County.

21.    A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 13 | $4,550 |
| Sara E. Lorber | Partner | $300 | 6.5 | $1,950 |
| Jeffrey K. Paulsen | Associate | $250 | .2 | $50 |
| Ariane Holtschlag | Associate | $250 | 20.6 | $5,150 |
| Sam Rodgers | Paralegal | $100 | 2.7 | $270 |
| Tom Griesta | Paralegal | $100 | .6 | $60 |
| | | **TOTALS:** | **43.60** | **$12,030** |

*Kamper Claim Objection and Litigation (Exhibit A-3)*.

22.    During the Second Application Period, Applicant expended 3.8 hours with a value of $1,020 in connection with matters relating to prosecuting an objection to the claim filed by Josephine Kamper, monitoring pre-petition litigation between the Debtors and Ms. Kamper, and conferring with the Debtors' bankruptcy counsel regarding same.

6

23.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | .7 | $245 |
| Jeffrey K. Paulsen | Associate | $250 | .9 | $225 |
| Ariane Holtschlag | Associate | $250 | 2.2 | $550 |
|  |  | **TOTALS:** | **3.8** | **$1,020** |

*Raggs Adversary Proceeding (Exhibit A-4)*

24.     During the Second Application Period, Applicant expended 7.5 hours with a value of $2,065 in connection with matters relating to defending the Debtors in an adversary proceeding brought by Robert Raggs in which he objected to the Debtors' discharge and the dischargeability of the Debtors' alleged debt to Mr. Raggs.

25.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 1.9 | $665 |
| Ariane Holtschlag | Associate | $250 | 5.6 | $1,400 |
|  |  | **TOTALS:** | **5.7** | **$2,065** |

*Professionals (Exhibit A-5)*

7

26. During the Second Application Period, Applicant expended 12 hours with a value of $2,780 in connection with Professionals, which Services consisted primarily of preparing and prosecuting Applicants' applications for compensation and reimbursement of expenses, including the preparation of the time detail attached to the applications. A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 7.9 | $2,370 |
| Samuel Rodgers | Paralegal | $100 | 4.1 | $410 |
| | | **TOTALS:** | **12** | **$2,780** |

## BASIS FOR THE REQUESTED RELIEF

I. **COMPENSATION STANDARDS**

27. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

28. In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (a) the time spent on such services; (b) the rates charged for such services; (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (e) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this

8

title.

29. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

30. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

31. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

32. The average hourly billing rate for the attorneys who performed the Services – that is, the "lodestar" rate – is $284. This average rate is more than fair and reasonable in light of the Services provided and the experience of LOWJF's professionals. Moreover, the

9

compensation requested by LOWJF is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

## II.    EXPENSE REIMBURSEMENT STANDARDS

33.    With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

34.    "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

35.    The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and LOWJF respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

## **NOTICE**

36.    Notice of this Application has been served on all creditors in the Case and the Notice of this Application and the Application have been served on all Registrants in the Case and the Office of the United States Trustee.

37.    Bankruptcy Rule 2002(a)(2) requires that 21 days' notice by mail be given to all creditors of any motion seeking relief under § 363 "unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bank. P. 2002.

38.    The Debtor requests that the Court limit notice as set forth in paragraph 36 and the Notice of First Interim Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., Special Counsel to the Debtors and Hearing Thereon. The parties with the most significant stake in the Case have appeared in the Case and are receiving notice through ECF, and given the size of the estate and the amount sought in this Application, serving all creditors with a complete copy of the Application is relatively expensive and not a good use of estate assets when a copy will be provided by email or fax to any person so

requesting at no charge.

## NO PRIOR REQUEST

39. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, the Applicant respectfully requests that the Court enter an Order:

A. Finding notice of the Application sufficient as given and that no other or further notice is necessary;

B. Allowing and awarding the Applicant on a final basis (i) fees in the amount of $18,800 and reimbursement of expenses in the amount of $14.26 incurred during the Second Application Period, and (ii) the Interim Compensation, for a total combined final award of fees in the amount of $34,915.00 and expenses in the amount of $1,060.26 (the "*Allowed Fees and Expenses*"); and

C. Granting such other and further relief as this Court deems just and appropriate.

Dated: November 14, 2013                              Respectfully submitted,

                                                         **THE LAW OFFICE OF**
                                                             **WILLIAM J. FACTOR, LTD.**

                                                          By: /s/ David P. Holtkamp

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Ste. 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
         slorber@wfactorlaw.com
         dholtkamp@wfactorlaw.com

11