**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| Stephen J. Haszto and | ) | Case No.  12-34235 |
| Kathleen J. Smith- Haszto | ) | Hon.  Carol A. Doyle |
| | ) | Hearing Date:  December 18, 2013 |
| Debtors. | ) | Time: 10:00 a.m. |

**Notice of Motion**

**TO:**  *SEE ATTACHED SERVICE LIST*

PLEASE TAKE NOTICE that on **December 18, 2013** at **10:00** a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle, United States Courthouse, 219 South Dearborn Street, Room 742, Chicago, Illinois and then and there present the **Debtors' Motion for Final Decree Closing Case**, a true and correct copy of which is attached hereto and hereby served upon you.

Joseph A. Baldi
Julia D. Loper
20 North Clark Street
Suite 200
Chicago, IL  60602
(312) 726-8150

**CERTIFICATE OF SERVICE**

I, Julia D. Loper, an attorney, hereby certify that I caused a true and correct copy of the foregoing Notice of Motion and the document identified therein to be served on the persons on the attached service list at their respective addresses via electronic mail and/or first class mail delivery, as indicated on the attached service list, on December 11, 2013.

_____/s/ _ Julia D. Loper_____

# SERVICE LIST
## Stephen and Kathleen Haszto
## Case No. 12-34235

**Via CM/ECF Electronic Notice**

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

**Ronald A Damashek**
rdamashek@stahlcowen.com

**William J Factor**
wfactor@wfactorlaw.com

**Joel P Fonferko**
ND-One@il.cslegal.com

**Casey B Hicks**
cbhicks@lnlaw.com

**Ean L Kryska**
ean.kryska@abm.com

**Terri M Long**
tmlong@tmlong.com

**John R Mack**
macklaw@comcast.net

**Erica Crohn Minchella**
erica.minchella@gmail.com

**Glenn Udell**
gudell@bupdlaw.com

**Shelly A. DeRousse**
sderousse@stahlcowen.com

**William S Hackney, III**
whackney@salawus.com

Service List
Case No. 12-34235
Stephen Haszto & Kathleen Smith-Haszto, Debtors

| | | |
|---|---|---|
| Bank of America, N.A.<br>450 American Street<br>Simi Valley, CA 93065 | Cap1/bstby<br>PO Box 5253<br>Carol Stream, IL 60197 | Capital One Visa<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Capital One, N.A.<br>PO Box 30285<br>Salt Lake City, UT 84130 | Chase<br>PO Box 24696<br>Columbus, OH 43224 | Chuhak & Tecson, P.C.<br>Attn: Lindsey Markus<br>30 S. Wacker Drive, St. 2600<br>Chicago, IL 60606 |
| City of Chicago<br>Corporation Counsel<br>30 N. LaSalle, 7th Floor<br>Chicago, IL 60602 | Countryside/Bank of America<br>100 N. Tryon Street<br>Charlotte, NC 28255 | Ean L. Kryska<br>SmithAdmundsen LLC<br>150 N. Michigan, Ste. 3300<br>Chicago, IL 60601 |
| Ronald A. Damashek<br>Stahl Cowen Crowley Addis LLC<br>55 W. Monroe, Ste. 1200<br>Chicago, IL 60603 | First Choice/Inland<br>1900 W. State St.<br>Geneva, IL 60134 | Gecrb/Lord & Tay<br>PO Box 981400<br>El Paso, TX 79998 |
| Gecrb/tydc<br>PO Box 965005<br>Orlando, FL 32896 | Glen Cove Enterprises Ltd. P'ship<br>1400 Peoples Plaza, Suite 104<br>Unit 165<br>Newark, DE 19702 | Glenn Udell<br>1332 N. Halsted St., Ste. 100<br>Chicago, IL 60642 |
| HSBC Retail Services<br>PO Box 17298<br>Baltimore, MD 21297-1298 | Jack & Janet Swenson<br>140 Weatherstone Rd.<br>Barrington, IL 60610 | Josephine Kamper<br>4935 South Greenwood<br>Chicago, IL 60615 |
| Lord & Taylor<br>Oak Brook Shopping Center<br>Oak Brook, IL 60523 | Mastercard<br>PO Box 530939<br>Atlanta, GA 30353-0939 | Robert Raggs<br>1036 North Karlov<br>Chicago, IL 60651 |
| Midwest Bank/First Merit<br>500 W. Chestnut Street<br>Hinsdale, IL 60521 | Pamela Edwards Cohen-Norwood<br>316 East 69th Place<br>Chicago, IL 60637 | Terri M. Long<br>Law Office of Terri M. Long<br>2056 Ridge Road<br>Homewood, IL 60430 |
| William J. Factor<br>105 W. Madison Street, Ste. 1500<br>Chicago, IL 60602 | Casey B. Hicks<br>Larson & Associates, PC<br>230 W. Monroe, Ste. 2220<br>Chicago, IL 60606 | Joel P. Fonferko<br>Codilis & Associates, P.C.<br>15W030 N. Frontage Rd, Ste. 100<br>Burr Ridge, IL 60527 |
| John R. Mack<br>128 West St. Charles Rd<br>Villa Park, IL 60181 | Erica Crohn Minchella<br>7538 St. Louis Avenue<br>Skokie, IL 60076 | Stephen and Kathleen Haszto<br>41 Croyden Lane<br>Oak Brook, IL 60523 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| Stephen J. Haszto and | ) | Case No. 12-34235 |
| Kathleen J. Smith- Haszto | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: December 18, 2013 |
| Debtors. | ) | Time: 10:00 a.m. |

**Debtors' Motion For Final Decree Closing Case**

Stephen Haszto and Kathleen Smith-Haszto, debtors and debtors in possession ("Debtors"), by their attorneys, Joseph A. Baldi, Julia D. Loper and Baldi Berg & Wallace, Ltd., pursuant to pursuant to Federal Rules of Bankruptcy Procedure Rule 3022 and Local Bankruptcy Rule 3022-1 of The United States District Court for the Northern District of Illinois for their Motion for Final Decree Closing Case states as follows:

**Background**

1. On August 29, 2012, the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. Debtors filed their Second Amended Plan of Reorganization ("Plan") on June 19, 2013. A Confirmation Hearing was held on October 10, 2013 at which time the Plan was confirmed. Debtors have either distributed or escrowed all amounts required by the Plan to be paid to unsecured creditors and are in the process of fulfilling their remaining obligations under the Plan.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Debtors have filed all of their Operating Reports including for October 2013.

5. Debtors have completed their course in financial management and have filed their Certificates of Completion.

6. Debtors have filed their motion requesting an order for discharge pursuant to 11 U.S.C. §1141(d) which motion is set to be heard on December 12, 2013.

## STATUS OF PLAN PAYMENTS

7. Administrative Claims:

   A. U.S. Trustee Fees were paid through confirmation and an estimate was paid for the third quarter of 2013. Additional fees, if any, will be paid once the final fees due the UST have been calculated.

   B. The Fee Application for Debtors' Attorneys will be heard on the same date as this Motion. Debtors are ready willing and able to make the plan payment of $23,735.00 to their attorneys within thirty (30) days after the fees have been approved.

8. Non-Administrative Claims:

   A. Class 1 – BANA Claim Secured by South Greenwood Property: The Debtors have filed their motion to approve the sale of the South Greenwood Property pursuant to section 363 of the Code which is set for hearing on December 12, 2013 and have received conditional approval for the sale from BANA. The remaining portion of BANA's Claim is being treated as a Class 4 Claim in accordance with the terms of the Plan. The Class 1 claimant was impaired under the plan.

B. **Class 2 – FMNA Claim Secured by Barrington Property:** FMNA is litigating the validity and extent of its security interest in the Circuit Court of Cook County in a pending foreclosure action (the "Foreclosure Case") and Debtors are cooperating in the Foreclosure Case as required by the Plan. Debtors have provisionally treated the full amount of the Class 2 secured claim as a Class 4 general unsecured claim for distribution and payment purposes as required by the Plan. The Class 2 claimant was impaired under the plan.

C. **Class 3 - Class 3- IBT Claim Secured by Chicago Properties.** Debtors have quitclaimed their interest in the Karlov Property to the original owner subject to all liens. On the 69th Place Property, the original owner has agreed to pay a lump sum of $12,000 and is the process of attempting to finance the sale. Debtors are co-operating with the original owner and bank in order to assist in the refinancing. The entire IBT claim, with the exception of the $12,000 claim secured by the 69th Place Property is being paid as a Class 4 Claim. The Class 3 Claimant was impaired under the plan.

D. **Class 4 – General Unsecured Claims.** The Plan requires Debtors to pay $148,400 to General Unsecured Claimants over 5 years in quarterly installments. Debtors were able to fund the entire amount required to be paid to Class 4 Claimants due to a loan they received from a family member. Debtors have made an initial distribution to Class 4 Claimants totaling approximately $53,600.00 and are holding approximately $94,800.00 in segregated accounts which will be distributed pro rata to Class 4 Claimants

pending resolution of disputed claims. The Class 4 Claimants were impaired under the plan.

E. Class 5 – General Unsecured Claims of Insiders. The Class 5 Claimants were not entitled to distribution under the Plan.

F. Class 6 – Claims secured by Property Owned by Glen Cove Enterprises Limited Partnership personally guaranteed by Debtors. Glen Cove Enterprises Limited Partnership continues to make payments in accordance with the terms of the Note. The Class 6 Claimant was unimpaired and did not receive any distributions under the Plan.

## CLOSING THE CASE

9. Rule 3022 allows for a final decree to be entered and the case closed once an estate is fully administered. The committee notes to this Rule suggest that "closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." FRBP 3022 Advisory Committee Note – 1991 Amendment. See also *In re Jordan Mfg. Co.*, 138 B.R. 30 (Bankr. C.D. Ill. 1992). This note also lists factors to be considered by the Court including whether the order confirming the plan is final, whether deposits have been distributed, whether the property to be transferred under the plan has been transferred, whether the debtor has assumed management of the business, whether plan payments have commenced and whether all contested matters have been resolved. FRBP 3022 Advisory Committee Note – 1991 Amendment.

10. Debtors have made payments to creditors as set forth in the plan and as reported above. Debtors have placed all remaining plan funds in escrow pending the resolution of

litigation.   The order confirming the plan is final, and there were no deposits to distribute under Debtors' plan.

11.   Copies of this Motion have been sent to the Debtors, United States Trustee and Debtors' creditors in accordance with to Local Bankruptcy Rule 3022-1 of The United States District Court for the Northern District of Illinois.

Wherefore, Stephen J. Haszto and Kathleen A. Smith-Haszto request this Court enter an Order closing the case and granting such further relief as the Court deems appropriate.


Dated:  December 10, 2013                Respectfully submitted,

Stephen J. Haszto and Kathleen A. Smith-Haszto, debtors and debtors in possession


By:   /s/   Julia D. Loper
One of their attorneys

Joseph A. Baldi
Julia D. Loper
Baldi Berg & Wallace, Ltd.
20 North Clark Street
Suite 200
Chicago, Illinois  60602
(312) 726-8150