# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Stephen Haszto and Kathleen Smith-Haszto, | Case No. 12-34235 |
| | Hon. Carol A. Doyle |
| Debtors. | Hearing date: December 13, 2017<br>Hearing time: 10:30 a.m. |

## NOTICE OF MOTION

**TO:**   *SEE ATTACHED SERVICE LIST*

　　PLEASE TAKE NOTICE that on **December 13, 2017 at 10:30 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle, United States Courthouse, 219 South Dearborn Street, Room 742, Chicago, Illinois and then and there present the **Amended Motion for Final Decree and Related Relief**.

Dated:  December 8, 2017

　　　　　　　　　　　　　Respectfully submitted**,**

　　　　　　　　　　　　　Stephen Haszto and Kathleen Smith-Haszto

　　　　　　　　　　　　　By:     /s/ Julia D. Loper
　　　　　　　　　　　　　　　　One of Their attorneys

William J. Factor (6205675)
Julia D. Loper (6293254)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-6976
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com

# CERTIFICATE OF SERVICE

     The undersigned attorney hereby certifies that on December 8, 2017, he caused a copy of the attached Notice of Motion and the accompanying Motion to be served upon the following via ECF or facsimile or email, as indicated below:

/s/ Julia D. Loper

**VIA ECF:**

David E Cohen on behalf of Creditor Josephine P Kamper
dcohen@fishercohen.com

David E. Cohen on behalf of Defendant Josephine P Kamper
dcohen@fishercohen.com

Ronald A Damashek on behalf of Creditor FirstMerit Bank, N.A.
rdamashek@stahlcowen.com

Joel P Fonferko on behalf of Creditor JPMorgan Chase Bank, National Association
ND-One@il.cslegal.com

William S Hackney, III on behalf of Creditor Inland Bank & Trust
whackney@salawus.com, jadams@salawus.com

Casey B Hicks on behalf of Creditor FirstMerit Bank, N.A.
cbhicks@lnlaw.com, ecfnil@weltman.com

Ean L Kryska on behalf of Creditor Inland Bank & Trust
ean.kryska@abm.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Terri M Long on behalf of Creditor Bank of America N.A., et al c/o Prober & Raphael, a Law Corporation
Courts@tmlong.com

John R Mack on behalf of Intervenor Josephine P Kamper
macklaw@comcast.net

Erica Crohn Minchella on behalf of Creditor Robert Raggs, Jr.
erica.minchella@gmail.com

Erica Crohn Minchella on behalf of Plaintiff Robert Raggs, Jr.
erica.minchella@gmail.com

Glenn Udell on behalf of Creditor Udell, Pomerantz & Delrahim, Ltd.
gudell@bupdlaw.com, cwilson@bupdlaw.com

VIA USMAIL

Stephen J. Haszto
Kathleen A. Smith-Haszto
41 Croydon Lane
Oak Brook, IL 60523

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Stephen Haszto and Kathleen Smith-Haszto, | Case No. 12-34235 |
| | Hon. Carol A. Doyle |
| Debtors. | |

## AMENDED MOTION FOR FINAL DECREE AND RELATED RELIEF

Stephen Haszto and Kathleen Smith-Haszto (collectively, the "Reorganized Debtors") have distributed all amounts required by the Plan to be paid to unsecured creditors and have fulfilled all obligations under the Plan and so request pursuant to Federal Rules of Bankruptcy Procedure Rule 3022 and Local Bankruptcy Rule 3022-1 of the United States District Court for the Northern District of Illinois that their Amended Motion for Final Decree Closing Case be granted and that the Plan payments be deemed completed and liens released and hereby state as follows:

I. **BACKGROUND**

1. On August 29, 2012 (the "Petition Date"), the Reorganized Debtors filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Northern District of Illinois Bankruptcy Court, Eastern Division, thereby initiating the above-captioned bankruptcy case (the "Case") and creating a bankruptcy estate (the "Estate") pursuant to Section 541 of Bankruptcy Code.

2. The Court confirmed the Reorganized Debtors' plan of reorganization (the "Plan") in October 2013. [Dkt. No. 159]. Debtors filed their Second Amended Plan of Reorganization ("Plan") on June 19, 2013. A Confirmation Hearing was held on October 10, 2013 at which time the Plan was confirmed.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Debtors have filed all of their Operating Reports and post-petition Quarterly Fee Reports and have paid all sums due and owing to the United States Trustee.

5. Soon after confirmation the Debtors were able to borrow money to pay the Plan in full. Debtors made initial distributions to creditors and the placed the funds related to the disputed claims in escrow. With their Plan fully funded, on December 12, 2013, the Court granted the Debtors' discharges pursuant to 11 U.S.C. §1141(d).

6. On December 11, 2013, Debtors filed their initial Motion for Final Decree which was continued regularly as the disputed claims were adjudicated.

7. All of the disputed claims have now been resolved and the Debtors distributed the balance of the Plan funds in escrow in September 2017 as set forth in **Exhibit A**.

8. Debtors have filed all required Operating Reports and post-petition Quarterly Fee Reports and have paid all sums due and owing to the United States Trustee.

II. **STATUS OF PLAN PAYMENTS**

    9. Administrative Claims:

A.    U.S. Trustee Fees have been paid as due. Additional fees for the fourth quarter of 2017 are not yet due but will be calculated and paid upon presentment of this Motion.

B.    Debtors have paid their attorneys fees as set forth in the plan.

    10.    Non-Administrative Claims:

A. Class 1 – BANA Claim Secured by South Greenwood Property: The Debtors sold the South Greenwood Property pursuant to section 363 of the Code. The remaining portion of BANA's Claim is being treated as a Class 4 Claim in accordance with the terms of the Plan. The Class 1 claimant was impaired under the plan.

B. Class 2 – FMNA Claim Secured by Barrington Property: FMNA prevailed in its foreclosure action (the "Foreclosure Case") and have paid FMNA according to its liquidated deficiency claim after the sale of the Barrington Property. The Class 2 claimant was impaired under the plan.

C. Class 3 - IBT Claim Secured by Chicago Properties. Debtors have quitclaimed their interest in the Karlov Property to the original owner subject to all liens. On the 69th Place Property, the original owner agreed to pay a lump sum of $12,000 to IBT but either was unable or refused to obtain financing for the sale. IBT has been paid its $12,000 by the Debtors themselves in order to complete the plan. The entire IBT claim, with the exception of the $12,000 claim secured by the 69th Place Property is being paid as a Class 4 Claim. The Class 3 Claimant was impaired under the plan.

D. Class 4 – General Unsecured Claims. The Plan requires Debtors to pay $148,400 to General Unsecured Claimants over 5 years in quarterly installments. Debtors were able to fund the entire amount required to be paid to Class 4 Claimants due to a loan they received from a family member. In 2013 the Debtors made an initial distribution to Class 4 Claimants totaling approximately $53,600.00 and placed $94,800.00 in segregated accounts. The disputed claims having been resolved, the final distributions were made in September 2017. The distribution totals are set forth on Exhibit A attached hereto. The Class 4 Claimants were impaired under the plan.

E. Class 5 – General Unsecured Claims of Insiders. The Class 5 Claimants were not entitled to distribution under the Plan.

  F. Class 6 – Claims secured by Property Owned by Glen Cove Enterprises Limited Partnership personally guaranteed by Debtors. Glen Cove Enterprises Limited Partnership continues to make payments in accordance with the terms of the Note. The Class 6 Claimant was unimpaired and did not receive any distributions under the Plan.

III. **INLAND BANK LIENS**

  11. According to Section 7.06 of the Plan, "upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims, and any liens that may support such Claims, shall be deemed released and discharged." Upon receipt of their final distribution, some secured creditors have released their liens; however, Inland Bank has failed to release its liens upon receipt of its final distribution.

  12. On February 9, 2007, the Debtors granted Inland's predecessor a mortgage against property located at 316 East 69th Place in Chicago ("69th Place Property") which mortgage is recorded as document number 0704022090 ("69th Place Mortgage").

  13. On July 8, 2011, Inland's predecessor obtained a judgment in the amount of $484,692.80 against the Debtors relating to its foreclosure against the Karlov Property Mortgage. Inland recorded memoranda of judgment against each of the Hasztos on July 18, 2011, with the Cook County Recorder of Deeds as documents numbered 1119922027 and 1119922028 ("Cook County Judgments"). Inland also recorded memoranda of judgment against each of the Hasztos on September 29, 2011, with the DuPage County Recorder of Deeds as documents numbered R2011-114508 and R2011-114509 ("DuPage County Judgments"). Those memoranda of judgment constitute a lien against all real property owned by the Debtors in Cook and DuPage Counties.

  14. In accordance with the terms of the Plan, the Debtors request that this Court enter an order finding that the 69th Place Mortgage, the Cook County Judgments and the DuPage County Judgments are satisfied and

releasd.  Pursuant to Section 105 of the Bankruptcy Code, the Court may implement its orders.  Here, we request that the Court find the liens described above satisfied and released in order to implement the terms of the Plan as confirmed by this Court's October 10, 2013 order [Dkt. 159].

IV. **CLOSING THE CASE**

15. Rule 3022 allows for a final decree to be entered and the case closed once an estate is fully administered.  In this case, the estate was fully administered in 2013 when the plan was fully funded. Now the funds have been fully distributed to creditors according to the plan.  The order confirming the plan is final, and there were no deposits to distribute under Debtors' plan.  Once the liens are released, all matters relating to the implementation and completion of the plan will be resolved and the case can close.

16. Copies of this Motion have been sent to the Debtors, United States Trustee and Debtors' creditors in accordance with to Local Bankruptcy Rule 3022-1 of The United States District Court for the Northern District of Illinois.

Wherefore, Stephen J. Haszto and Kathleen A. Smith-Haszto request this Court enter an Order releasing Inland's liens, closing the case and granting such further relief as the Court deems appropriate.

.

Dated:  December 8, 2017        Respectfully submitted,

Stephen Haszto and Kathleen Smith-Haszto

By: ____/s/ Julia D. Loper
One of Their attorneys

{00105081}                              8

William J. Factor (6205675)
Julia D. Loper (6293254)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com

**Haszto**

| Final Distribution | Allowed Unsecured | Percentage | Total Due | Previously paid | Keep escrow | Final Payment | |
|---|---|---|---|---|---|---|---|
| BANA | $618,367.00 | 0.317558192 | $47,125.64 | $18,323.17 | | $28,802.47 | |
| First Merit (Swenson) | $567,989.05 | 0.291686937 | $43,286.34 | $12,764.56 | $12,764.56 | $17,757.22 | |
| First Merit (Deficiency) | $238,777.90 | 0.122622776 | $18,197.22 | $7,075.36 | | $11,121.86 | |
| Capital One NA | $1,670.00 | 0.000857617 | $127.27 | $49.48 | | $77.79 | |
| Chase | | | $0.00 | | | $0.00 | |
| Chuhak | $1,225.00 | 0.00062909 | $93.36 | $36.30 | | $57.06 | |
| Inland Deficiency | $508,226.75 | 0.260996412 | $38,731.87 | $15,059.55 | | $23,672.32 | |
| Glenn Udell | $11,000.00 | 0.005648976 | $838.31 | $325.95 | | $512.36 | |
| Raggs | | | | | | | |
| Swenson | | | | | | | |
| Kamper | | | | | | | |
| | $1,947,255.70 | 1 | $148,400.00 | $53,634.37 | $12,764.56 | $82,001.07 | $148,400.00 |